IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Monica Thomas,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No:** |
| **v.** ) | |
| ) | |
| **Global Credit & Collection Corporation, a** ) | |
| **Delaware Corporation and Jeremy David,** ) | |
| **Individually and as Agent, Apparent Agent,** ) | |
| **Servant, and/or Employee of Global** ) | |
| **Credit & Collection Corporation,** ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES** the **Plaintiff**, **Monica Thomas**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit: **Global Credit & Collection Corporation** and **Jeremy David:**

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and this Court's supplementary jurisdiction powers. Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

1

## PARTIES

2. **Plaintiff, Monica Thomas** (hereinafter "**Thomas**")**,** is a natural person, a citizen of the County of Cook, State of Illinois, and United States of America, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. **Defendant**, **Global Credit & Collection Corporation,** (hereinafter "**GCCC**") is a Delaware Corporation conducting business in the County of Cook, State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. **Defendant, Jeremy David** is a natural person doing business in the County of Cook, State of Illinois, and United States of America, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. At all relevant times **Jeremy David** was the agent, apparent agent, servant and/or employee of **GCCC** acting in the course scope of his agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6. Prior to March 2009, **Plaintiff Thomas** defaulted on a loan.

7. This loan was used for personal use.

8. This loan constituted a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. In March or April 2009, **Plaintiff Thomas** began to receive calls from **Jeremy David** attempting to collect on said loan.

10. During these calls, and on subsequent calls, **Jeremy David** threatened **Plaintiff Thomas** with arrest and/or other legal action, used profane language, was abusive, and made other threats to **Plaintiff Thomas**.

11. Upon information and belief and investigation, **GCCC** is not and was not a law firm.

12. Upon information and belief and investigation, **Jeremy David** is not and was not an attorney.

13. That **Jeremy David** was not an attorney was unknown to **Plaintiffs** at the time of the aforementioned calls.

14. **Jeremy David** caused **Plaintiff** phones to ring constantly for the purpose of harassment.

15. **Jeremy David** also proceeded to call Crystal Burnside**, Plaintiff's** Aunt, and stated that **Plaintiff Thomas** owed money and that **Plaintiff Thomas** was not paying her bills. These calls were intended to embarrass **Plaintiff Thomas**.

16. When Crystal Burnside requested **Jeremy David** cease calling because Owens was not calling **Plaintiff Thomas'** residence, **Jeremy David** became rude and caused Crystal Burnside's phone to ring constantly for the purpose of harassment.

17. The aforementioned calls from **Jeremy David** to **Plaintiff** were collection communications in violation of numerous and multiple provisions of the FDCPA, as aforesaid.

18. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to, aggravation of preexisting medical conditions, anxiety, embarrassment, and emotional and physical harm.

19. **Jeremy David** was the agent, apparent agent, servant, and/or employee of **GCCC** acting in the course and scope of his agency, servitude, and/or employment, and as such, **GCCC** is liable for the actions and omissions of **Jeremy David.**

20. As a result of each and every **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692k(a)(2)(A), punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every **Defendant** herein.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered

- against each and every **Defendant** and in favor of **Plaintiff** for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- against each and every **Defendant** and in favor of **Plaintiff** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- against each and every **Defendant** and in favor of **Plaintiff** for an award of punitive damages;
- against each and every **Defendant** and in favor of **Plaintiff** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every **Defendant** and in favor of **Plaintiff**;
- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/Abbas Merchant
Abbas Merchant
ARDC 6281540

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiffs*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 151
Fax 312-604-1543